Welch, J.
We think the superior court erred in holding the action barred, and in dismissing the proceeding. Where a petition for such a contest is filed within the statutory period of limitation, although only part of the persons interested are made parties thereto, the right of action is saved as to all who are ultimately made parties, notwithstanding some of them are not brought into the case until after the period of limitation has expired. If any person interested appears, and in good faith files his petition for a contest, the statute entitles him to a trial, and the verdict of a jury, touching the validity of the will; and that verdict will be binding upon all parties who may be before the court as such, at the time of its rendition. The interest of the parties is joint and inseparable. Substantially this is a proceeding in rem, and the court cannot take jurisdiction of the subject-matter by fractions. The will is indivisible, and the verdict of the juiy either establishes it as a whole, or wholly sets it aside. To save the right of action therefore to one is necessarily to save it to all. The case belongs to that class of actions where the law is compelled either to hold the rights of all parties in interest to be saved, or all to be barred. And it seems now to be *220 quite well settled law, that the preference will in such cases be given to the right of action, and not to the right of limitation. The right to sue is a favored right, and is guaranteed by constitutional provision, while the right of limitation generally meets with more or less disfavor. I am aware that the case of Smetters and Harris v. Rainey and others (14 Ohio St. 287) conflicts with this doctrine, and I am frank to say, for myself, that I deem that case a departure from well-established principles, and one that should be overruled whenever a proper case occurs for reconsidering the question involved. The question there, though really involving a like principle with that involved in the present case, was not identical, and need not, therefore, be passed upon by the court.
But, say the counsel for defendants in error, the plaintiff below dismissed his petition, after the expiration of the two years, and this put an end to the action, and left the matter standing as it would have stood had no petition ever been filed. When the jurisdiction of the court has once attached in such a case, I suppose it is not in the power of the petitioner to withdraw the action against the will of the other parties in interest. The status of the parties, as plaintiffs or defendants, is merely nominal. Those named as defendants have a right, equally with the nominal plaintiff, to insist upon a contest. Otherwise, there woxild be no safety to the defendants who happened to be identified in interest with the plaintiff, except in the commencement of separate similar actions, or the filing of a cross-petition by each.. We need not, however, decide this question, for the precaution was taken in the present Case to file such cross-petition before the period of limitation had expired or the original petition had been dismissed.
But it is contended that this cross-petition was not well filed, and was a nullity, becaiise the answer containing it is not such as the code requires. The argument is this : The proceeding is an action under the code, and not by bill in chancery; relief by way of cross-petition can only be had under the code (sec. 84), by a claim therefor set up 'in the *221 answer; and the answer of William Bradford, in which this prayer for relief is contained, being in perfect accord with the plaintiffs case, is not an answer within the definition of the code (sec. 92), because it does not contain a “ denial ” of any allegations in plaintiffs petition, or a statement of any “ new matter constituting a defence, counter claim, or set off.” We think this logic unsound. If it is not, and if counsel are right in claiming that the plaintiff can, at any time, withdraw tne whole case by dismissing his petition, then no defendant in the action is safe against the statute of limitations, without commencing a separate and independent proceedingand thus, in every contest there might be as many actions as there are parties desiring to set aside the will. This cannot be the law. An answer admitting the case made in the petition, and joining in the prayer for relief, is an answer within the meaniug of the code, entitling the respondent to set up and claim therein relief by way of cross-petition, according to the provision in the 82d sec. of the code. The 92d sec. of the code only requires that the answer shall contain a “ denial ” of allegations that are “ controverted,” and a statement of “ new matter ” where there is “ any ” such new matter. Here no allegations were controverted, and there was no new matter to set up. The 92d section was never intended to include an affirmative answer to the petition, nor was section 82 intended to drive the defendant to his separate action for relief, in all eases where he could not truthfully deny, or justly avoid the case made in the petition. It should be observed, moreover, that if counsel for the defendants in error are right in this position, it matters not in the present case, because the cross-petition of William Bradford has all the substantial elements of an original case, process at his suit having been served upon the other parties, requiring them to answer his cross-petition.
Another ground taken by counsel for the defendants in error is, that the superior court had no jurisdiction of the subject-matter, and that therefore the judgment of the court rHsmiRsing the action was a right judgment, although based upon a wrong reason. They say that the jurisdiction of the *222 common pleas in will contests is appellate, and cannot, therefore, be exercised by the superior court, which has no appellate jurisdiction. We think that the jurisdiction of the common pleas in such cases is original. The statutory contest of a will lacks the essential elements of an appeal. It has not the same parties as in the court below. In the latter, in fact, it is purely ex ¡pa/rte, while in the common pleas it is i/nter gga/rtes. In the same statute which provides for the contest there is an express provision for an “ appeal,” in cases where the probate of the will is refused (S. & C. 1216, secs. 22 and 23), requiring notice of the intention to appeal, and pointing out the steps to be taken in order to perfect the appeal. No similar provisions are made for cases where the will is admitted to probate. The contest is an original proceeding, not otherwise connected with the probate of the will, than in the fact that it cannot be had until the probate takes place, because until then there is in law no will to contest, and in the further fact that on the trial of the contest the record of probate is to be used as evidence. Before the establishment of the probate court, the probate of the will and the contest were iu the same court. Had the legislature intended, by tbo act establishing the probate court, so far to change the nature of a will contest from what it had been for long years before, as to make it an appeal, instead of an original proceeding, they certainly would have made more direct provisions for that purpose. They, moreover, would hardly have left the right of appeal to depend on whether the party chose to bring his action under the code, or to file a bill in chancery under the wills act.
We are of opinion that the superior court erred in dismissing the action, and therefore, reverse its judgment, and remand the cause for further proceedings.

Judgment aeeordmgly.

Beinkerhofr, C.J., and Soott, White, and Day, JJ., con curred.